IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

VICTOR ROBERT BROWN,

                              Plaintiff,                    OPINION AND ORDER

        v.                                                        12-cv-712-wmc

MARATHON COUNTY OFFICERS,
SUPERVISORS & ADMINISTRATOR,
MIKE SCHAEFER, ROBERT DICKMAN,
BILL (Officer), DANIEL GRAY (First Shift
Officer), SHERRYL (First Shift Officer),
DEB (First Shift Officer), MIKE (First Shift
Officer), KELLY (First Shift Officer), DENNY
WOODWARD (Second Shift Officer), RENEE
SULLIVAN (Second Shift Officer), JENNIFER
(Second Shift Officer), MIKE TULEY (Second
Shift Officer), RORY JIROVEC (Second Shift
Officer), JONATHAN (Second Shift Officer),
JIN LOR, GER LOR, DEVIN (Second Shift Officer),
MARK JACOBSON (Second Shift Officer),
JAMES BROWN (Second Shift Officer), SETH
(First Shift Supervisor), DEBRA GLEASIN (First
Shift Supervisor), MICHAEL SCHAEFER (Second
Shift Supervisor), CORREY PELLOWSKI, JAMIE
(3rd and 2nd Shift Supervisor), SHELIA WESCOTT
(3rd and 2nd Shift Supervisor), and CARREY P.,

                              Defendants.

        This is a proposed civil action in which plaintiff Victor Robert Brown alleges that

defendants, Marathon County officers or supervisors and its Administrator, as well as

various employees at the Marathon County jail, violated his Eighth Amendment rights by

denying him time out of his cell.  Brown asks for leave to proceed under the *in forma*

*pauperis* statute, 28 U.S.C. § 1915.  From the financial affidavit Brown has provided, the

court concluded that he is unable to prepay the full fee or make any initial partial

payment for filing this lawsuit.  The next step is determining whether Brown's proposed action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

For the reasons provided below, the court finds that Brown has failed to plead sufficient factual allegations for the court to determine whether he states a claim on which relief may be granted.  Accordingly, the court will dismiss Brown's claim without prejudice and provide him with an opportunity to file an amended complaint, which contains allegations necessary for the court to assess Brown's proposed claim.

## ALLEGATIONS OF FACT

In addressing any *pro se* litigant's complaint, the court must read the allegations of the complaint generously.  *Haines v. Kerner*, 404 U.S. 519, 521 (1972).  In his complaint, Brown alleges, and the court assumes for purposes of this screening order, the following facts:

- Brown identifies his address as the Dodge Correctional Institution.  (Compl. (dkt. #1) p.2.)  The allegations, however, concern his time at the Marathon County Jail.

- Defendants are identified in the caption as Marathon County Officers, Supervisors and Administrator.  Later in the complaint, Brown identifies the defendants as Marathon County *Jail* Officers/ Supervisors and Administrator. Brown also lists several jail officers and supervisors by name.  (Compl. (dkt. #1) pp.1-2.)

- Plaintiff alleges that defendants denied him his "mandatory 1 hour out of my cell per day."  (Compl. (dkt. #1) p.4.)  The complaint lists the following dates when he was denied time outside of his cell:  12/30/11 - 1/4/12, 4/30/12 - 6/1/12, 8/2/12 - 9/11/12.  (*Id.* at p.3.)  Brown further alleges that he was refused time out of his

cell in 2010 and 2011, but that he did not have the paperwork available to allege specific dates.

- Brown alleges that requiring him to stay in his cell 24/7 without natural light has negatively affected him, causing him to feel severely depressed, nervous, suffer from insomnia, edgy and irritated.  (Compl. (dkt. #1) p.5.)

- Brown further alleges that he repeatedly complained to the Administrator Robert Dickman about this situation but received no "results."  (Compl. (dkt. #1) p.1.)

OPINION

To state an Eighth Amendment claim, Brown must demonstrate that the deprivation of out-of-cell time "posed a substantial risk of serious harm," which prison officials deliberately ignored.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Specific to Brown's alleged claim, "[w]hen unrelieved by opportunities for out-of-cell exercise," the Seventh Circuit has recognized that "such confinement could reasonably be described as cruel and, by reference to the current norms of American prisons, unusual."  *Pearson v. Ramos*, 237 F.3d 881, 884 (7th Cir. 2001).  In an effort to provide guidance to prison authorities, the court also held, however, that "a reasonable rule that a denial of yard privileges for no more than 90 days at a stretch is not cruel and unusual punishment." *Id.*  Even so, the court "left open the possibility that a denial of *less* than 90 days could be actionable if the punishment imposed for 'some utterly trivial infraction' of the prison's rules because the Eighth Amendment requires consideration of the proportionality of the punishment relative to the crime."  *Rasho v. Walker*, No. 09-1803, 393 Fed. Appx. 401, 403, 2010 WL 3522071, at *2 (7th Cir. Sept. 9, 2010) (unpublished) (quoting *Pearson*, 237 F.3d at 885).

3

In his complaint, Brown provides specific date ranges when he was allegedly denied out-of-cell time, none of which approach 90 days. The longest period was 41 days; the shortest was 6 days. (Compl. (dkt. #1) p.3 (listing 12/30/11-1/4/12 (6 days); 4/30/12-6/1/12 (33 days); 8/2/12-9/11/12 (41 days)).) Still, unlike *Pearson* and other Seventh Circuit cases discussing Eighth Amendment claims because of a denial of out-of-cell time, the complaint is silent as to *why* Brown was denied out-of-cell time. The court does not know whether Brown was denied outside exercise in response to a jail disciplinary violation, as in *Pearson* and *Rasho*, or for some other reason or no reason at all. Absent this information, the court cannot determine whether Brown was denied access to out-of-cell time in response to "'some utterly trivial infraction" of jail rules or for some other reason that would not justify this denial.

Because the complaint does not comply with Federal Rule of Civil Procedure 8, the court will dismiss it without prejudice. The court, however, will provide Brown an opportunity to amend his complaint to explain why he was denied out-of-cell time. If Brown was denied access because of a disciplinary complaint, his amended complaint should answer the following questions:

- What was the charge?

- Was there a hearing?

- What was the punishment imposed?

If Brown does not know why he was denied access to out-of-cell time, he should so state in his amended complaint. Brown will also need to document the specific steps he *did*

4

take to challenge the denial of out-of-cell time, including any efforts to appeal the denial
or failure to respond before he "stopped" using the jail's grievance process.

ORDER

IT IS ORDERED that:

1) plaintiff Victor Robert Brown's complaint is DISMISSED without prejudice
   for his failure to comply with Fed. R. Civ. P. 8;

2) plaintiff may have until January 21, 2014, in which to file an amended
   complaint that complies with Fed. R. Civ. P. 8 and this Opinion and Order;
   and

3) if plaintiff fails to file an amended complaint by that date, the clerk's office is
   directed to close this case.

Entered this 19th day of December, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

5